UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Shane Tharp,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No.:1:15-cv-38 |
| **Stellar Recovery, Inc.,** | ) ) ) |
| **Defendant.** | ) ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donahue vs. Quick Collect, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Shane Tharp, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Stellar Recovery, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 4500 Salisbury Rd., Suite 105, Jacksonville, FL 32216.

14. The Defendant is a debt collection agency but the Defendant is **NOT** licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. On November 4, 2014, the Defendant sent the Plaintiff a dunning letter in an attempt to collect a debt.  *See Exhibit "2" attached hereto*.

26. The November 4, 2014, dunning letter states that the "Current Creditor" is "Stellar Recovery, Inc."  *See Exhibit "2" attached hereto*.

27. Therefore, the Defendant was representing that it was the current owner of the debt.

28. The letter opened with the statement, "This account has been placed with our office for collection by the above-mentioned creditor."  *See Exhibit "2" attached hereto*.

29. The Defendant was therefore representing to the Plaintiff that it was simultaneously the current creditor and debt collector for the debt at issue in this case.  *See Exhibit "2" attached hereto*.

30. This conduct was designed to confuse and mislead the unsophisticated consumer in an attempt to collect a debt.

31. The letter went on to include the 30-day validation notice.  *See Exhibit "2" attached hereto*.

32. However, prior to the required validation notice, the Defendant stated that, "The amount above is now due and owing."  Thus, the Defendant was stating that the alleged debt was valid before the Plaintiff was likely to see the required validation notice.  *See Exhibit "2" attached hereto*.

33. The Defendant's conduct therefore overshadowed the validation notice and eviscerated its message.

34. The Defendant's dunning letter to the Plaintiff states that "STELLAR RECOVERY, INC is subject to certain IRS reporting requirements for debt forgiveness exceeding $600."  *See Exhibit "2" attached hereto*.

35. However, the total amount of the alleged debt was $222.50, and is less than $600.00. *See Exhibit "2" attached hereto*.

36. Therefore, Defendant misrepresented the law by including a clause about an amount of debt higher than that owed by Plaintiff.

37. The Defendant's advice to the Plaintiff that the Defendant may be required to report the amount of the debt forgiven to the Internal Revenue Service (hereinafter "IRS") is a deceptive and misleading statement which violates the FDCPA.

38. Here, the settlement offered is not greater than $600.00; therefore, the Defendant's statement regarding tax consequences is absolutely irrelevant and misleading.

39. Furthermore, the Defendant fails to accurately state the law.  Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

40. Here, there is no basis to conclude that a triggering event has or will occur requiring the applicable entity to file a Form 1099-C.

41. The gratuitous reference in the Defendant's dunning letter that the Defendant or its client may contact the IRS regarding any negotiated resolution to the debt at issue in this letter is a collection ploy.  Such a ploy suggests to the "unsophisticated consumer" that he or she could get in trouble with the IRS for refusal to pay the debt or for negotiating the debt at issue in the letter.

42. The statement in the dunning letter that the Defendant, may contact the IRS is objectively false.  Indeed, any forgiveness may not be reported to the IRS.  The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur--none of which are applicable to the Plaintiff herein.

43. The statement in the Defendant's dunning letter is false and deceptive in that it does not explain that it is only under certain, limited circumstances that a 1099C form may be reported to the IRS.

44. The statement in the Defendant's dunning letter is false and deceptive in that it does not explain that the Defendant, or its client, is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

45. The statement in the Defendant's dunning letter is false and deceptive in that it falsely implies to the "unsophisticated consumer" that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

46. The statement in the Defendant's dunning letter is false and deceptive in that it falsely and deceptively implies to the "unsophisticated consumer" that the consumer will have to pay taxes on any forgiven debt that is comprised of interest as opposed to principal.

47. The false and deceptive statement in the Defendant's dunning letter misleads the "unsophisticated consumer" as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

48. The statement in the Defendant's dunning letter represents language that the Defendant knows, or should know, is false.

49. The statement in the Defendant's dunning letter gives the Plaintiff objectively false and deceptive tax advice.

50. The statement in the Defendant's dunning letter misleads the "unsophisticated consumer" into believing that, unless the consumer pays the entire amount the Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance of the debt.

51. The Defendant has voluntarily chosen to give the tax advice found in the Defendant's dunning letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in its collection letters.

52. It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding the 1099C tax form.

53. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 53 of the complaint are realleged and incorporated herewith by references.

2. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

3. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

4. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692g.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com